841 F.2d 1122
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark Lynn FORTNEY; Esley Douglas Tipton; Daniel Webster
Harmon, Plaintiffs- Appellants
and
Mary E. Tipton; Mary Jane Harmon, Plaintiffs,
v.
UNITED STATES of America, Defendant-Appellee,
and
Envirotech Corporation; American Air Filter Co., Inc.;
Anacon Corp.; South- Eastern Sprinkler Company, Inc.;
Grinnel Fire Protection Systems Company, Inc.; American
District Telegraph Co.; Milton Roy Company; Tate
Engineering, Inc.; Rexnord, Inc.; Drexel Brook Engineering
Co.; Rubbermaid Commercial Prod., Inc.; Unijax, Inc.;
E.I. Pfaff Co., Inc.; Simons Eastern Co.; C.P. Roberts
Engineering, Inc.; Yeargin Construction Co., Inc.; Shell
Oil Co.; Devon Chemicals, Inc.; Publiker Industries, Inc.;
Buckeye Cellulose Corp.; Sybron Corp.; Carter and
Crawley, Inc., Defendants,
Hercules, Incorporated, Third Party-Defendant.
 No. 87-1636.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 5, 1988.
Decided: Feb. 22, 1988.
 
 Charles Stein Siegel (Brian Weinstein; Baron & Budd, on brief), for appellants.
 Thomas Rutledge King, Jr., Assistant United States Attorney (John P. Alderman, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and ERVIN, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs in three Federal Tort Claims Act (FTCA) cases consolidated below appeal the judgment dismissing their complaints after trial for lack of subject matter jurisdiction.
 
 
 2
 We address first appellants' motion for leave to file a memorandum of clarification, which was received in this Court, with the memorandum, after oral argument in this case. Our briefing and oral argument requirements are designed to encourage thorough presentation of the parties' positions while at the same time serving the important purposes of orderly procedure and finality. Finding no cause to deviate from those requirements in this case, we deny the motion.
 
 
 3
 On May 6, 1981 an experimental system for the dehydration of nitrocellulose exploded, severely burning plaintiffs. The explosion occurred at the Radford Army Munitions Plant, which is owned by the United States Army and operated under a contract with Hercules, Inc. Plaintiffs were Hercules employees.
 
 
 4
 The Army's contract with Hercules delegates broad responsibility for safety at the Radford plant to Hercules, including particularly the safety of Hercules personnel. The Army retains the right under this contract to inspect the premises for quality, security, and safety, and maintains a small staff at the plant for this purpose. Plaintiffs alleged in the district court that the government had failed to use reasonable procedures to assure that Hercules in turn took appropriate safety precautions in operating the dehydration process in question.
 
 
 5
 The district court found that the Army's supervisory responsibilities relating to safety lay within the discretionary function exception. This statutory exemption preserves sovereign immunity as to FTCA claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. Sec. 2680(a) (West 1965). The district court founded its analysis on the Supreme Court's teaching that "[w]hen an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 819-20 (1984). This principle extends to on-location supervisory activities of agency employees. See Dalehite v. United States, 346 U.S. 15, 36 (1953). The district court, extending the Varig Airlines principle beyond the regulatory context to the context of government production contracts, found that, on the record in the case at bar, the delegation of safety responsibility to Hercules left the Army with solely discretionary safety functions to perform at the Radford plant.
 
 
 6
 Our review discloses no reversible error in the decision below,[1] and convinces us that plaintiffs' claims were properly dismissed. We therefore affirm on the reasoning of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The district court rejected plaintiffs' argument that the government was not entitled to discretionary function immunity in this case because the explosion was traceable in part to a violation of a mandatory safety regulation governing permissible containers for hazardous materials. The district court found that this regulation embraced the type of container used at the Radford plant, even though the containers used were not specified in the regulation. We agree with the district court, but add that violation of a mandatory regulation does not abrogate the government's tort immunity independently of the FTCA, and that the discretionary function exception to the FTCA protects the government from liability "whether or not the discretion involved be abused." 28 U.S.C.A. Sec. 2680(a) (West 1965); see Totten v. United States, 618 F.Supp. 951, 954 (E.D.Tenn.1985), aff'd 806 F.2d 698 (6th Cir.1986)